**In the Matter of Lonnie M. RANDOLPH, Respondent.**

No. 45S00–1302–DI–132.

Supreme Court of Indiana.

Sept. 5, 2013.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Prior to Respondent's representation of L.H., L.H. had been convicted and sentenced for dealing

in cocaine, a class A felony, enhanced for being a habitual offender. After an appeal that resulted in remand, he was resentenced on the habitual offender count. He then filed a PCR petition ("First PCR"), which resulted in the habitual offender sentence being vacated, leaving a 20–year nonsuspendable sentence for dealing in cocaine.

In fall of 2007, L.H. retained Respondent to represent him in seeking sentence modification, for which he or his family paid Respondent a $1,500 fee for initial research and a $3,500 flat fee for completion of the representation. Under the circumstances, Respondent should have known that sentence modification was not possible. Several months later, Respondent told L.H. that he would be filing a PCR petition instead. He did not inform L.H. of the need to obtain appellate court approval to file a second PCR petition ("Second PCR"), and did not seek such approval before filing it. Consequently, the trial court denied the Second PCR petition the day it was filed. Respondent made some preparations to file another PCR petition ("Third PCR"), but it was never filed. When L.H. expressed his displeasure at the status of the case, Respondent wrote back that the balance owed for his fee was $5,000, which must be paid before any hearing on the Third PCR petition. He did not explain the basis of this fee demand.

In February 2009, L.H. terminated Respondent and demanded a refund of the fees he had been paid. Respondent refused. Eventually the trial court entered an order that Respondent refund $3,500 of the fees. Respondent appealed, the Court of Appeals affirmed, finding that the issues Respondent raised in the Second PCR had already been litigated in L.H.'s appeal or in his First PCR proceeding. This Court denied Respondent's petition to transfer.

Respondent then tendered payment of the judgment.

*Aggravating and mitigating facts.* The parties cite the following fact in aggravation: Respondent has received two prior private reprimands. The parties cite the following fact in mitigation: Respondent acknowledges his misconduct by resolving this matter by conditional agreement.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.1: Failure to provide competent representation.

1.3: Failure to act with reasonable diligence and promptness.

3.1: Asserting a position for which there is no non-frivolous basis in law or fact.

1.5(a): Making an agreement for, charging, or collecting an unreasonable fee.

1.16(d): Failure to refund an unearned fee upon termination of representation.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The discipline imposed for Respondent's misconduct might have been more severe had this matter been submitted without the Commission's agreement to the proposed discipline. However, in light of the Commission's assessment that the proposed discipline is sufficient under the circumstances of this case, the Court now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.